07 AUG -2 AM 9:39

DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CHIARAMONTE, individually and on behalf of himself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PITNEY BOWES, INC., a Delaware Corporation, and DOES 1 through 500, inclusive,<br><br>Defendants. | Civil No. 06cv1507 JM (NLS)<br><br>[PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, TEMPORARY AND CONDITIONAL CERTIFICATION AS A CLASS ACTION, SETTING OF A FAIRNESS DETERMINATION HEARING AND APPROVAL OF NOTICE TO CLASS<br><br>[Doc. No. 13] |

This matter came on for hearing on June 19, 2007 in Courtroom F of the above-captioned court on the Parties' Joint Motion for an Order of Preliminary Approval of Proposed Class Action Settlement, Conditional Class Certification, Approval of the Class Notice and Setting of the Final Fairness Hearing.

The Court has fully reviewed the Joint Motion for Preliminary Approval of Class Action Settlement, the supporting Points and Authorities, Declaration of Michael D. Singer and the attached Stipulation of Settlement and Release Between Plaintiff and Defendant Pitney Bowes, Inc., ("Settlement Agreement"), the Notice of Proposed Class Action Settlement, Claim Form, and Request for Exclusion, the [Proposed] Order Granting Preliminary Approval, and the Report and Recommendation of Judge Stormes.

It is the Court's duty to make a preliminary determination as to the reasonableness of any

proposed Class Action settlement, and, if preliminarily determined to be reasonable, to ensure proper notice is provided to Class Members in accordance with due process requirements. Should the Court find the same, it is to conduct a Final Approval hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement.

In recognition of these duties, the Court hereby makes the following determinations and **ORDERS:**

1. The Court finds on a preliminary basis that the Settlement Agreement, and its exhibits, incorporated in full by this reference and a made a part of this Order of Preliminary Approval, appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court. The Court notes that Defendant PITNEY BOWES, INC. has agreed to pay the Settlement Amount of up to $1,100,000 to Plaintiff and the Class Members in full satisfaction of past claims as more specifically described in the Settlement Agreement;

It further appears to the Court on a preliminary basis that the settlement is fair and reasonable to Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues and potential appeals of jurisdictional rulings; it further appears that significant informal discovery, as well as investigation and research has been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions; it further appears that settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation; further, it appears the proposed Settlement has been reached as the result of intensive, serious and non-collusive negotiations between the Parties;

Accordingly, for good cause appearing, the motion for order of preliminary approval of class action settlement is hereby **GRANTED**; and as a part of said preliminary approval, the Court hereby accepts and incorporates the parties' settlement agreement and orders that the class be conditionally certified for settlement purposes only pursuant to the terms and conditions contained in said settlement agreement.

2. The Court finds that the Notice of Pendency of Class Action Settlement ("Notice"), the Claim Form, and the Request for Exclusion from Class Action Settlement form advising Class Members of the pendency of the Class Action and of the proposed settlement, the preliminary Court approval of

the proposed Settlement, the temporary and conditional certification of the Class for settlement purposes only, and the claim submission timing and procedures, opt-out timing and procedures and of the Final Approval Hearing, and the right of Class Members to file documentation in support or in opposition and to appear in connection with said hearing, fairly and adequately advise Class Members of the terms of the proposed Settlement and the benefits available to Class Members thereunder. The Court further finds that said Notice clearly comports with all constitutional requirements including those of due process.

Accordingly, for good cause appearing, the Court hereby **APPROVES** the proposed notice of pendency of class action settlement.

3. The mailing to the present and last known address of present and former Class Members constitutes an effective method of notifying them of their rights with respect to the Class Action and Settlement.

Accordingly, it is hereby **ORDERED**:

a) Defendant Pitney Bowes will provide SIMPLURIS, the Claims Administrator, no later than *__ten (10) calendar days from the date of this Order__*, the Class Data List, providing for all members of the Class, the names, last known addresses, and weeks worked by each Class Member during the Class Period.

b) On or before *__twenty (20) court days from the date of this Order__*, SIMPLURIS, shall mail first class, postage pre-paid, the Notice to all present and former employees of PITNEY BOWES, INC. employed as Sales Executives at any of its business establishments in California during the period from July 26, 2002 through May 1, 2007 ("Class Period".) All mailings shall be made to the present and/or last known mailing address of present and former employees based on a thorough examination of Defendant's records to ascertain such addresses. The Claims Administrator will perform address updates and verifications as necessary prior to this first mailing. The Court finds that the mailing of notices to present and former employees as set forth in this paragraph is the best means practicable by which to reach Class Members and is reasonable and adequate pursuant to all constitutional and statutory requirements including all due process requirements.

c) On or before *__forty (40) calendar days from the date the Notice is first mailed to the__*

1  *Class*, SIMPLURIS shall mail a post-card to all members of the Class who have not responded with the
2  return of a Claim Form or a Request for Exclusion reminding them of the deadline in which to act to
3  make a claim.

4  d) On or before ***forty-five (45) calendar days from the date the Notice is first mailed to the***
5  ***Class***, Requests for Exclusion mailed to SIMPLURIS must be postmarked.

6  e) On or before ***forty-five (45) calendar days from the date the Notice is first mailed to the***
7  ***Class***, Objections to the Settlement must be filed with this Court, and timely served on the attorneys for
8  Plaintiff and Defendant.

9  f) On or before ***sixty (60) calendar days from the date the Notice is first mailed to the***
10 ***Class***, Claim Forms mailed to SIMPLURIS must be postmarked.

11 4. **IT IS FURTHER ORDERED** that the parties shall file and serve a motion for Final
12 Approval, including all briefs in support of the proposed Settlement, on or before ***ninety (90) calendar***
13 ***days from the date the Notice is first mailed to the Class***; before filing the motion the parties shall
14 contact the chambers of Judge Stormes to obtain a hearing date for the Final Approval Hearing, which
15 will be held before Judge Stormes, at the above-entitled court located at the 940 Front Street, Courtroom
16 F, San Diego, California 92101, to consider the fairness, adequacy and reasonableness of the proposed
17 Settlement preliminarily approved by this Order of Preliminary Approval, and to consider the
18 application of Class Counsel Cohelan & Khoury for an award of reasonable attorneys' fees, litigation
19 expenses, class representative enhancement, and for costs of claims administration incurred;

20 5. **IT IS FURTHER ORDERED** that pending final determination of whether this proposed
21 Settlement should be granted final approval, no Class Member, either directly or representatively, or in
22 any other capacity, shall commence or prosecute any action or proceeding asserting any of the Released
23 Claims, as defined in the Settlement Agreement, against Defendant PITNEY BOWES, INC. herein in
24 any court or tribunal;

25 6. **IT IS FURTHER ORDERED** that any party to this case, including Class Members,
26 may appear at the Final Approval Hearing in person or by counsel, and may be heard to the extent
27 allowed by the Court, in support of or in opposition to, the Court's determination of the good faith,
28 fairness, reasonableness and adequacy of the proposed Settlement, the requested attorneys' fees and

litigation expenses, and any Order of Final Approval and Judgment regarding such Settlement, fees and expenses; provided, however, that no person, except Class Counsel and counsel for Defendant shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice of Pendency of Class Action which conditions are incorporated therein;

7. **IT IS FURTHER ORDERED** that in the event of the occurrence of the Effective Date of settlement, as defined in the Settlement Agreement, Qualified Class Members and their successors shall conclusively be deemed to have given full releases of any and all Released Claims as defined in the Settlement Agreement against Defendant, its current or former subsidiaries, affiliates, predecessors, insurer, agents, partners, employees, successors, assigns, officers, officials, directors, shareholders, attorneys, insurers, benefit plans, administrators and trustees ("released party") and all such Qualified Class Members and their successors shall be permanently enjoined and forever barred from asserting any Released Claims against any Released Party as described by the Settlement Agreement;

8. **IT IS FURTHER ORDERED** that if for any reason the Court does not execute and file an Order of Final Approval, or if the Effective Date of settlement does not occur for any reason whatsoever, the proposed Settlement Agreement and the proposed Settlement subject of this Order and all evidence and proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties to the litigation as more specifically set forth in the Settlement Agreement.

9. **IT IS FURTHER ORDERED** that, pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time to time without further notice to the Class Members.

**IT IS SO ORDERED.**

Dated: 7/31, 2007

Hon. Jeffrey T. Miller
U.S. District Judge