1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MARK CHIARAMONTE, individually and              CASE NO. 06 CV 1507 JM (NLS)
     on behalf of himself and All Others Similarly
12   Situated,                                       **ORDER ADOPTING REPORT**
                                                     **AND RECOMMENDATION**
13                                       Plaintiff,

           vs.
14
     PITNEY BOWES, INC., et al.,
15
                                        Defendant.
16

17        On January 14, 2008, Magistrate Judge Nita L. Stormes issued a Report and Recommendation

18   ("R&R") recommending that the court (1) grant Plaintiff's motion for final approval of the class action

19   settlement (Doc. no. 23) by signing the proposed order attached to the R&R, and (2) grant Plaintiff's

20   motion for an award of attorneys' fees, costs, a class representative enhancement, and claims

21   administration expenses (Doc. no. 24), subject to a modification reducing attorneys' fees from 33-

22   1/3% of the total settlement to 25% of the total settlement. The parties filed no objections to the R&R.

23        Having carefully considered the R&R, the record before the court, the absence of any

24   objections to the R&R, and the applicable authorities, the court adopts the R&R in its entirety.

25   Accordingly, the court hereby **ORDERS**:

26   **Motion for Final Approval of Class Action Settlement**

27        1.      The court finds that the Stipulation of Settlement and Release Between Plaintiff and

28   Defendant Pitney Bowes, Inc. ("Settlement Agreement") was entered into in good faith and that it

1   constitutes a fair, reasonable and adequate compromise between the Parties.

2          2.     The court finds and finally certifies the proposed Class for the purposes of this

3   settlement pursuant to Federal Rule of Civil Procedure 23, and in conformance with this court's Order

4   of conditional certification.

5          3.     If this Judgment and the settlement do not become final and effective in accord with

6   the terms of the Settlement Agreement, then this Judgment and all orders entered in connection

7   therewith shall be deemed null and void and shall be vacated.

8          4.     This court has jurisdiction over the subject matter of this litigation and over all Parties

9   to this litigation.

10          5.     Distribution of the Notice of Settlement ("Notice") to members of the Class as

11   described in the Settlement Agreement and as preliminarily approved by the court, has been completed

12   in conformity with the Order of Preliminary Approval of Class Action Settlement filed August 14,

13   2007. Such individual Notice was mailed to all members of the Class who could be identified through

14   reasonable effort, and was the best notice practicable under the circumstances. This Notice provided

15   due and adequate notice of the proceedings and of the matters set forth therein, including the proposed

16   terms set forth in the Settlement Agreement, to all persons entitled to such Notice. The Notice fully

17   satisfied the requirements of due process as to the settlement. No member of the Class objected to the

18   settlement and six (6) members of the Class requested to be excluded from the settlement in a timely

19   manner.

20          6.     For purposes of the Settlement Agreement and this Judgment, a "Class Member" is

21   defined as follows:

22                 "All California-based Global Mailstream Solutions ("GMS") Sales
                   Executives, Area Sales Executives, Senior Account Sales Executives,
23                 Major Account Executives, and Strategic Account Executives
                   employed by Pitney Bowes between July 26, 2002 and May 1, 2007."
24
25          7.     This court hereby approves the settlement and finds that the settlement is, in all

26   respects, fair, adequate and reasonable, and directs the Parties to effectuate the settlement according

27   to its terms. The court has considered numerous factors, including the opinions and experience of

28   counsel; the procedural history of the case including the litigation status at the time of the settlement;

the risk, expense, complexity, and likely duration of further litigation; and the terms negotiated in the

settlement.  Accordingly, the court hereby approves the terms of the settlement as fair, reasonable, adequate and in the best interests of the Parties and the Class.

8.     The court further finds that the settlement has been reached as a result of intensive, serious, and non-collusive arms-length negotiations, including voluntary, non-binding mediation before an experienced mediator.  The court finds that the Parties have conducted extensive investigation, research, and discovery and that counsel for the Parties are able to reasonably evaluate the Parties' respective positions.  The court finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action.  The court has reviewed the monetary recovery prescribed by the Settlement Agreement and recognizes the significant value to the Class of that monetary recovery.

9.     As of the effective date[1] of settlement, the released claims of each member of the Class, pursuant to the terms of the Settlement Agreement, are and shall be deemed to be fully, finally, and conclusively released as against Defendant, Pitney Bowes, Inc., and each member of the Class shall be forever barred and enjoined from prosecuting the released claims.

10.     The court hereby dismisses the Litigation on the merits and with prejudice, pursuant to the terms of the Settlement Agreement, against the Named Plaintiff and all members of the Class who have not requested exclusion in favor of Defendant as to all claims asserted.

11.     Without affecting the finality of this Judgment in any way, this court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection

therewith.

//

_____

[1] The effective date of settlement has been defined in Paragraph 11(5) as follows:
"... The effective date shall be the date of final approval if no objections are filed to the settlement.  If objections are filed and overruled, and no appeal is taken of the final approval order, then the effective date of final approval shall be sixty-five (65) days after the district court enters final approval.  If an appeal is taken from the Court's overruling of objections to the settlement, then the effective date of final approval shall be twenty (20) days after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final.  No money will be distributed unless and until the effective date of final approval occurs.

1    **Motion for Award of Attorneys' Fees, Costs, Class Representative Enhancement, and Claims**

2    **Administration Expenses**

3          For the reasons set forth in the R&R, the court hereby grants Plaintiff's motion for an award

4    of attorneys' fees, costs, a class representative enhancement, and claims administration expenses,

5    subject to the following modification: the attorneys' fees award is reduced from 33-1/3% of the total

6    settlement to 25% of the total settlement.

7          **IT IS SO ORDERED.**

8    **DATED:  February 25, 2008**

9    _____

10   **Hon. Jeffrey T. Miller**
     **United States District Judge**

11   cc:        All parties

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28